IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Kevin Brayboy,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Navy Federal Credit Union,<br>a Virginia corporation,<br><br>　　　　Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KEVIN BRAYBOY, BY AND THROUGH COUNSEL, ALEX SIMANOVSKY, and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Northern District of Georgia, Atlanta Division, as the Defendants conduct business in the state of Georgia.

## PARTIES

4. Plaintiff is a natural person residing in Smyrna, Cobb County, Georgia.

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Georgia; and

   b. Navy Federal Credit Union ("Navy Federal") is a Virginia corporation that conducts business in the state of Georgia.

## GENERAL ALLEGATIONS

6. Navy Federal is inaccurately reporting its trade line with an opened date of July 2010 ("Errant Trade Line") on Plaintiff's Equifax credit file with a status of "Included in Bankruptcy". The Errant Trade Line was discharged in Plaintiff's Chapter 7 Bankruptcy and should report as discharged on his credit file.

7. On December 19, 2011, Mr. Brayboy was granted an Order of Discharge for his Chapter 7 Bankruptcy.

8. On August 21, 2017, Mr. Brayboy obtained his credit files and discovered Navy Federal reporting the Errant Trade Line with an inaccurate status.

9. On or about November 14, 2017, Mr. Brayboy submitted a letter to Equifax and Trans Union disputing the Errant Trade Line. In these dispute letters, Mr. Brayboy explained that the Errant Trade Line was discharged in bankruptcy, attached the Order of Discharge and asked the credit bureaus to report the Errant Trade Line as discharged in bankruptcy.

10. Upon information and belief, Equifax and Trans Union forwarded Mr. Brayboy's consumer dispute to Navy Federal.

11. On January 15, 2018, Mr. Brayboy obtained his Equifax credit file and noticed that Navy Federal continued to report the Errant Trade Line with an inaccurate Account Status of "Closed", Payment Status of "Included in Bankruptcy", and Remarks "Bankruptcy chapter 7", without indicating the account was discharged.

12. On January 15, 2018, Mr. Brayboy obtained his Trans Union credit file and noticed that Navy Federal continued to report the Errant Trade Line with inaccurate Account Status of "Closed-Derogatory", Payment Status "Unknown" and remarks of "Chapter 7 Bankruptcy".

13. To date, Mr. Brayboy hasn't received Experian's investigation results.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain

from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## **COUNT I**

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Mr. Brayboy's consumer dispute of the inaccurate status on the Errant Trade Line, Navy Federal negligently failed to conduct a proper investigation of Mr. Brayboy's dispute as required by 15 USC 1681s-2(b).

17. Navy Federal negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to correct the inaccurate status on the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Brayboy's consumer credit file with Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Navy Federal's negligent failure to perform its duties under the FCRA, Mr. Brayboy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Navy Federal is liable to Mr. Brayboy by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Brayboy has a private right of action to assert claims against Navy Federal arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Mr. Brayboy disputed the accuracy of the information it was providing, Navy Federal willfully failed to conduct a proper reinvestigation of Mr. Brayboy's dispute, and willfully failed to direct Equifax to correct the inaccurate status on the Errant Trade Line.

24. Navy Federal willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Navy Federal's willful failure to perform its duties under the FCRA, Mr. Brayboy has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Navy Federal is liable to Mr. Brayboy for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Brayboy as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Brayboy that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Brayboy, in violation of 15 USC 1681e(b).

31. After receiving Mr. Brayboy's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Brayboy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

Equifax is liable to Mr. Brayboy by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Brayboy as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Brayboy that was false, misleading, and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Brayboy, in violation of 15 USC 1681e(b).

37. After receiving Mr. Brayboy's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Brayboy has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Mr. Brayboy by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 29, 2018

By: ***/s/ Alex Simanovsky***
Alex Simanovsky
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Telephone: (678) 781-1012
Facsimile: (877) 570-5413
E-Mail:  alex@a-s-law.com
Attorneys for Plaintiff,
Kevin Brayboy